UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

THEODORE J. KREMER,

               Petitioner,

   v.

JOHANNA SMITH,

               Respondent.

Case No. 1:08-cv-00122-LMB

**MEMORANDUM DECISION AND ORDER**

Pending before the Court is Respondent's Motion for Summary Judgment. (Dkt. 34.) Petitioner has filed his Response (Dkt. 35.) Both parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case. (Dkt. 10, 12.) *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

In his Response, Petitioner repeatedly asserts that, if counsel were appointed, he could meet the high standard required for habeas corpus relief. Throughout the pendency of this case (as in all pro se matters), the Court has carefully considered whether appointment of counsel would have aided in the decisionmaking process. Here, the Court is constrained to review only the record that was before the Idaho appellate courts, and,

on this record, the Court has determined that additional argument and briefing is not necessary.

Having reviewed the motions, responses, and the record in this case, the Court enters the following Order granting the Motion for Summary Judgment and dismisses Petitioner's Petition for Writ of Habeas Corpus with prejudice.

## BACKGROUND

After jury trial in the Fourth Judicial District Court, in Ada County, Idaho, Petitioner was convicted of one count of lewd conduct with a minor under sixteen and one count of intimidating a witness. Judgment of conviction was entered on June 13, 2005. (State's Lodging A-1, pp. 102-03.) Petitioner was sentenced to a prison term of five years fixed with fifteen years indeterminate for the lewd conduct charge. (*Id.*, p. 103.)[1]

Petitioner filed a direct appeal and a post-conviction matter challenging his convictions and sentences in state court. Here, he challenges several evidentiary rulings of the trial court, alleging that his Constitutional rights to a fair trial have been violated.

The Idaho Court of Appeals summarized the facts underlying the lewd conduct conviction as follows:

> In October 2004, eleven-year-old H.S. spent the night at the Kremer house as a guest of Kremer's daughter. At approximately one o'clock the next morning, H.S. woke up to Kremer kneeling on the family room floor

---

[1] The record does not reflect any sentence for the conviction of intimidating a witness. (State's Statement of Material Facts, Dkt. 32-4, p. 4; Judgment, State's Lodging A-1, pp. 102-03.)

next to the futon where she and Kremer's daughter were sleeping. He placed his hand on H.S.'s hand and while she rolled over and pretended to be asleep, he lifted the covers and put his hands under her pajama bottoms and underwear where he proceeded to rub her vagina and buttocks. This continued for approximately ten to fifteen minutes before he left the room. H.S. left the house the next morning and immediately told her mother about the incident. She was taken to the hospital and the abuse was reported to the police.

*State v. Kremer*, 160 P.3d 443, 445 (Idaho Ct. App. 2007).

The charge of intimidating a witness arose from an incident where Petitioner contacted H.S.'s father, even though Petitioner was told by officers not to contact H.S. or her family. *Id*. H.S.'s father taped the conversation, which revealed that Petitioner tried to convince H.S.'s family not to press charges against him. *Id*.

## STANDARD OF LAW

Summary judgment is appropriately granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Federal Rules of Civil Procedure apply to habeas corpus actions except where application of the rules would be inconsistent with established habeas practice and procedure. Rule 11, Rules Governing Section 2254 Cases. Accordingly, summary judgment motions are appropriate in habeas corpus proceedings where there are no genuine disputes as to any material facts and the moving party is entitled to judgment as a matter of law. *Blackledge v. Allison*, 431 U.S. 63, 80-81 (1977). Judicial notice will be taken of the court docket in the underlying state court proceedings. Fed. R. Evid. 201(b); *Dawson v Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006).

**MEMORANDUM DECISION AND ORDER - 3**

Federal habeas corpus relief may be granted on claims adjudicated on the merits in a state court judgment only when the federal court determines that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under § 2254(d), as amended by the Anti-terrorism and Effective Death Penalty Act (AEDPA), federal habeas corpus relief is further limited to instances where the state-court adjudication of the merits:[2]

1.      resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2.      resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

When a party contests the state court's legal conclusions, including application of the law to the facts, § 2254(d)(1) governs. That section consists of two alternative tests: the "contrary to" test and the "unreasonable application" test. Under the first test, for a decision to be "contrary to" clearly established federal law, the petitioner must show that the state court applied "a rule of law different from the governing law set forth in United States Supreme Court precedent, or that the state court confronted a set of facts that are materially indistinguishable from a

---

[2]A state court need not "give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington v. Richter*, 131 S.Ct. 770, 785 (2011).

decision of the Supreme Court and nevertheless arrived at a result different from the Court's precedent." *Williams v. Taylor*, 529 U.S. 362, 404-06 (2000).

Under the second test, to satisfy the "unreasonable application" clause of § 2254(d)(1), the petitioner must show that the state court was "unreasonable in applying the governing legal principle to the facts of the case." *Williams*, 529 U.S. at 413. A federal court cannot grant relief simply because it concludes in its independent judgment that the decision is incorrect or wrong; the state court's application of federal law must be objectively unreasonable to warrant relief. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); *Bell v. Cone*, 535 U.S. 685, 694 (2002).

In *Harrington v. Richter*, 131 S.Ct. 770 (2011), the United States Supreme Court reiterated that a federal court may not re-determine a claim on its merits after the highest state court has done so, simply because the federal court would have made a different decision. Rather, the review is necessarily deferential. The Supreme Court explained that under § 2254(d), a habeas court (1) "must determine what arguments or theories supported or . . . could have supported, the state court's decision;" and (2) "then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." *Id*. at 786. If fairminded jurists could disagree on the correctness of the state court's decision, then a federal court cannot grant relief

under § 2254(d)(1). *Id*. The Supreme Court emphasized: "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. (internal citation omitted).[3]

## DISCUSSION

### 1. First Claim

#### A. Factual Background

Prior to trial, the prosecution gave the defense written notice that it intended to call as trial witnesses two teenaged girls, A.C. and J.L., who had been friends of Petitioner's older daughter, and who also alleged similar lewd conduct incidents perpetrated by Petitioner in Tennessee in 1993, approximately eleven years prior to the incident for which Petitioner was standing trial. (State's Lodging A-1, pp. 28-34.) Defense counsel filed a motion in limine to preclude the testimony. (*Id*., pp. 15-16.) The trial court ruled that the evidence was admissible and denied the motion in limine. (*Id*., pp. 38-40.) An amended order, issued as a result of a motion to reconsider, was entered prior to the start of trial. (*Id*., pp. 56-59.)

The trial court supported its decision to permit the testimony with the following reasoning:

---

[3] A federal habeas court can look only to the record before the state court in reviewing a state court decision under section 2254(d)(1). *Cullen v. Pinholster*, 131 S.Ct. 1388, 1400 (2011) ("If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court.") (footnote omitted); *Holland v. Jackson*, 542 U.S. 649, 652 (2004) ("[W]e have made clear that whether a state courts decision was unreasonable must be assessed in light of the record the court had before it.") (citations omitted).

In the instant case, it is relevant and probative that there appears to be an alleged general plan to sexually exploit young females who are in the defendant's home to visit his daughter. The type of sexual misconduct is generally the same. The acts occur when others are present in the home, including when his daughter is nearby. . . . There is clear relevance to the existence of a general plan and also to an absence of mistake.

(*Id.*, p.58.) The prosecution was ordered to submit a written offer of proof prior to putting on the witnesses, so that the testimony would be properly limited to the purpose for which it was admitted–pattern or plan and lack of mistake. (State's Lodging A-3, pp. 769-773.) Testimonial evidence of the two girls was to focus on the acts themselves, not on the criminal charges or dispositions, which the court "barred." (See State's Lodging A-2, p. 255.)

The trial court also allowed (over an objection of relevance from the prosecution), defense counsel to call as witnesses four other young female friends of Petitioner's daughter to testify that they all spent the night at Petitioner's house and that they were not sexually molested by Petitioner. (State's Lodging A-2, pp. 243-45.) The court reasoned: "[T]he problem in this case is the way in which the state has approached a pattern o[r] plan, which I think is proper, seems to me to evoke rather justifiably some limited in response [sic] that would go to establishing that there was not such a pattern o[r] plan." (*Id.*, p. 244.)

During voir dire, defense counsel raised the issue of the prior criminal charge disposition: "The evidence will show that one case, that was dismissed, and

another case, it was reduced from a felony to a misdemeanor." (State's Lodging A-3, p. 953.) The prosecutor had previewed the testimony of A.C. and J.L. in her opening statement to the jury, including comments that the case was reported to authorities, although no comments about charges or disposition were made: "That case did get reported to the police. The authorities in Tennessee took it. And you will hear about that case." (*Id*., p. 13.) Defense counsel also referred to the disposition documents in detail in his opening argument. (*Id*., p. 983.)

During trial, Petitioner indicated his intent to bring forward evidence that, after he was charged criminally based on the two girls' allegations, one of the charges was dismissed, and the other was reduced to a misdemeanor under a plea bargain. In response, the prosecution asked whether it could call a witness out of order, the mother of J.L., who was set to return to Tennessee, to testify that the criminal charges involving J.L. were dismissed, not because they were unfounded, but because the mother was having a mental breakdown as a result of the incident. (State's Lodging A-2, p. 246-47.)

After much argument from both sides, the trial court indicated that it thought the criminal charge disposition evidence was improper because it had limited relevance, was hearsay, and was inadmissible opinion testimony. (*Id*., p. 249.) A limiting instruction was given to the jury, providing that the evidence

could be considered "only for the limited purpose of proving the defendant's plan or absence of mistake or accident." (State's Lodging A-5, Instruction No. 14.) The instruction also provided: "No evidence was presented to you about the outcome of the charges in Tennessee because it is not relevant to the issues before you and should not be considered or discussed by you in any way." (*Id.*)

At the beginning of trial, the parties had stipulated to the admission of all exhibits. (State's Lodging A-2, p. 1.) Based on the stipulation, the trial court admitted all exhibits "subject to being stricken." (*Id.*, p. 2.) After determining that the evidence on the disposition of the charges was inadmissible, the court struck the corresponding exhibits. (*Id.*, p. 259.)

Petitioner's first claim is that the trial court violated his Fifth, Sixth, and Fourteenth Amendment rights by (1) sua sponte ruling that evidence of the disposition of Tennessee criminal charges based on Kremer's prior bad acts toward the victims was inadmissible; and (2) striking previously-admitted evidence of the disposition during trial.

B.    Standard of Law Governing Exclusion of Evidence as a Constitutional Claim

The United States Supreme Court has made it clear that errors of state law, such as simple evidentiary rulings, do not warrant federal habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). It is only in very limited circumstances that such a ruling invokes a constitutional right.

The Sixth Amendment guarantees a defendant's "right to put before a jury evidence that might influence the determination of guilt." *Pennsylvania v. Ritchie*, 480 U.S. 39, 56 (1987). However, the United States Supreme Court has explained:

> The principle that undergirds the defendant's right to present exculpatory evidence is also the source of essential limitations on the right. The adversary process could not function effectively without adherence to rules of procedure that govern the orderly presentation of facts and arguments to provide each party with a fair opportunity to assemble and submit evidence to contradict or explain the opponent's case. . . . The State's interest in the orderly conduct of a criminal trial is sufficient to justify the imposition and enforcement of firm, though not always inflexible, rules relating to the identification and presentation of evidence.

*Taylor v. Illinois*, 484 U.S. 400, 410-11 (1988).

As to fair trial rights under the Fifth and Sixth Amendment and due process rights under the Fifth Fourteenth Amendments, states may establish rules excluding evidence from criminal trials, and "[s]uch rules do not abridge an accused's right to present a defense so long as they are not 'arbitrary' or 'disproportionate to the purposes they are designed to serve.'" *United States v. Scheffer*, 523 U.S. 303, 308 (1998) (quoting *Rock v. Arkansas*, 483 U.S. 44, 56 (1987)). The United States Supreme Court has defined the terms "arbitrary and capricious" as "an act done without adequate determining principle, not founded in the nature of things, not done or acting according to reason or judgment, or an unnecessary act." *United States v. Carmack*, 329 U.S. 230, 248 (1946). Evidence

should not be excluded if it "significantly undermines fundamental elements of the defendant's defense." *Scheffer*, 523 U.S. at 315.

C.     Discussion

The state district court determined that the disposition of the prior sexual misconduct charges was irrelevant, and, therefore, inadmissible. In reviewing Petitioner's claim on appeal, the Idaho Court of Appeals agreed with the state district court:

> [A] defendant has no constitutional right to present evidence that is not relevant. Because we have concluded that the disposition of the Tennessee charges is not relevant, Kremer's constitutional claim has no merit.

(State's Lodging B-7, p. 10.)

To support its decision, the Court of Appeals reasoned that "there are numerous possible reasons a charge is not pursued," and thus Petitioner's dismissal and reduction of charges in a prior criminal case where the witnesses were victims "makes it no more or less likely the two witnesses were or were not subjected to sexual misconduct by [Petitioner]." (State's Lodging B-7 at 8-9.) The Court of Appeals relied on a similar Idaho case, *State v. Tolman*, 828 P.2d 1304, 1309 (Idaho 1992), where the Idaho Supreme Court agreed with the reasoning of the state district court that evidence of acquittal of a prior criminal charge was not admissible, even though the alleged victim testified of the incident giving rise to the criminal charge:

**MEMORANDUM DECISION AND ORDER - 11**

[The] issue of credibility is a matter for the jury to determine from all of the various factors that relate to credibility. And the jury may have decided the case for any number of reasons which had absolutely nothing to do with that particular witness's credibility. They may have decided that the witness was truthful, but that some other element which that witness couldn't testify to was not present.

828 P.2d at 1311.[4]

This Court concludes that the Idaho Court of Appeals's well-reasoned decision is not contrary to, or an unreasonable application of, United States Supreme Court precedent, as set forth above. The state court's evidentiary rulings were not arbitrary, did not deprive the defendant of a fair trial, and were well within the bounds of clearly established federal law. The particular dispositions of

---

[4] *Tolman* was later overruled in part by *State v. Grist*, 205 P.3d 1185 (Idaho 2009), where the Idaho Supreme Court clarified:

> We decline to overrule *Moore* and *Tolman* in their entirety. However, as these decisions have been interpreted as creating an exception in child sex cases to the prohibition of character evidence, we find it necessary to revisit a theoretical underpinning for the introduction of uncharged misconduct in cases involving the sexual abuse and exploitation of children. We further clarify that the admission of I.R.E. 404(b) evidence in a child sex case is subject to the same analysis as the admission of such evidence in any other case. Any decision from this Court or the Court of Appeals that suggests that evidence offered in a case involving an allegation of sexual misconduct with a child should be treated differently than any other type of case is no longer controlling authority in Idaho's courts.

205 P.3d at 1187. This later distinction has no bearing on the present habeas corpus matter, because habeas corpus relief can be granted only if a decision conflicts with existing United States Supreme Court precedent, not later Idaho Supreme Court opinions. Here, Petitioner's direct appeal was concluded in 2007. (State's Lodgings B-1 through B-11.)

the charges could have been for any number of reasons, rather than the reason Petitioner professed–that he did not commit the acts.

The "disagreement of fairminded jurors" standard articulated in *Richter* amounts to a rule that a petitioner is not entitled to relief unless he shows that all fairminded jurists would agree that the state court decision was wrong under the governing United States Supreme Court case law. *See Richter*, 131 S.Ct. at 786.This, Petitioner has not done, given that none of the cases set forth above compels the conclusion that Petitioner advocates–that, without the disposition evidence, his rights to due process and a fair trial were violated. Because he has failed to meet the standards of § 2254(d), Petitioner has not shown entitlement to relief on the first subpart of his first claim.

The second subpart of the first claim is that the Idaho Court of Appeals's decision affirming the trial court's ruling to strike the previously-admitted disposition evidence was contrary to, or an unreasonable application of, the United States Supreme Court precedent above. Prior to the start of Petitioner's trial, counsel had stipulated to admission of all exhibits. The trial court permitted initial preliminary admission of the exhibits, but expressly notified the parties that the exhibits were subject to being stricken at a later time. (State's Lodging A-2 at 2.) One of the exhibits was the disposition the Tennessee charges regarding the two teenaged witnesses. Petitioner's counsel referred to the exhibit in his opening

statement. (State's Lodging A-3 at 986-87.) When, during trial, the trial court determined that the disposition evidence was not relevant, it struck the documents from the record, in conjunction with prohibiting testimonial evidence of the same. (State's Lodging A-2, p. 259.)

On appeal, the Idaho Court of Appeals rejected Petitioner's claim because the evidence had been admitted *subject to being stricken later*. "Kremer provides no authority for his proposition that a court's decision to strike evidence it had not specifically been asked to rule on, after admitting it subject to later being stricken and then determining its irrelevance in context, is an abuse of discretion." (State's Lodging B-7 at 9-10.) The Idaho Court of Appeals concluded that the trial court did not abuse its discretion by striking the previously admitted Tennessee charge disposition after the court determined it was irrelevant.

The reasoning set forth above also applies to this claim. Petitioner did not have an absolute right under the federal Constitution to have the prior charges disposition evidence admitted in his case. The trial court carefully balanced the interests and prejudices in determining that the only the witness testimony would be admitted. The trial court had prepared itself, and had given notice to both counsel, that the evidence admitted by stipulation was "subject to being stricken." After a thorough analysis, the evidence was deemed inadmissible and was stricken.

The Idaho Court of Appeals's decision affirming the trial court was made on solid ground. The trial court's decision was not arbitrary, nor was it disproportionate to the purpose of limiting the evidence of the prior acts to the acts themselves, rather than including the criminal charges or legal cases arising from the acts, which would have posed hearsay and opinion-testimony problems. Exclusion of the evidence did not significantly undermine fundamental elements of the defendant's defense, because, in addition to his right of cross-examination, he was permitted to rebut the evidence of the two witnesses' testimony with four other witnesses, his own testimony, and the testimony of his wife and daughter.

Because the ruling to strike the exhibits was consistent with the trial court's ruling to limit admissibility of the two girls' testimony to the acts themselves, and because there is no United States Supreme Court case law showing that this ruling was unreasonable or contrary to governing precedent, this Court concludes that Petitioner is not entitled to federal habeas corpus relief on the second part of his first claim.

**2.**    ***Second Claim***

Petitioner's second claim is that his Sixth Amendment right to a fair trial was violated when the trial court "erred by admitting the 404(b) prior bad acts evidence because it did not show a plan." (Dkt. 1 at 2.) Respondent argues that this claim is procedurally defaulted.

**MEMORANDUM DECISION AND ORDER - 15**

A.     Standard of Law

Habeas corpus law requires that a petitioner "exhaust" his state court remedies before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To exhaust a claim, a habeas petitioner must fairly present it to the highest state court for review in the manner prescribed by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Unless a petitioner has exhausted his state court remedies relative to a particular claim, a federal district court may deny the claim on its merits, but it cannot otherwise grant relief on unexhausted claims. 28 U.S.C. § 2254(b). The petitioner can satisfy the exhaustion requirement by showing that (1) he has "fairly presented" his federal claim to the highest state court with jurisdiction to consider it, or (2) that he did not present the claim to the highest state court, but no state court remedy is available when he arrives in federal court (improper exhaustion). *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted).

To exhaust a habeas claim properly, a habeas petitioner must "invok[e] one complete round of the State's established appellate review process," *O'Sullivan v. Boerckel*, 526 U.S. at 845, giving the state courts a full and fair opportunity to correct the alleged constitutional error at each level of appellate review. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Improperly exhausted claims are deemed "procedurally defaulted." Procedurally defaulted claims include those

within the following circumstances: (1) when a petitioner has *completely failed* to raise a particular claim before the Idaho courts, and no opportunity to do so remains; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts, as discussed directly above, and no opportunity to do so remains; or (3) when the Idaho courts have rejected a claim on an independent and adequate state procedural ground. *See Martinez v. Klauser*, 266 F.3d 1091, 1093-94 (9th Cir. 2001) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)).

      B.    <u>Discussion</u>

      Respondent argues that Petitioner raised this claim in state court exclusively on state grounds, without any mention of federal grounds, depriving the state courts of the opportunity to rule on the federal claim. (State's Lodgings B-1 at 33-35; B-3 at 13-17; and B-9 at 29-38.) The Court agrees. In addition, neither the Idaho Court of Appeals nor the Idaho Supreme Court addressed the claim on federal grounds sua sponte. (State's Lodgings B-7 ("we find no abuse of discretion"), B-10 (petition for review denied without comment).) Accordingly, the Court finds and concludes that the second claim is procedurally defaulted.

      If a petitioner's claim is procedurally defaulted, the federal district court cannot hear the merits of the claim unless a petitioner meets one of two exceptions: (1) a showing of adequate legal cause for the default and prejudice arising from the

default; or (2) a showing of actual innocence, which means that a miscarriage of justice will occur if the claim is not heard in federal court. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show "prejudice," a petitioner bears "the burden of showing not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

If a petitioner cannot show cause and prejudice, he can still bring the claim in a federal habeas petition if he demonstrates that failure to consider the claim will result in a "fundamental miscarriage of justice." *McCleskey v. Zant*, 499 U.S. 467, 494 (1991). A miscarriage of justice means that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

To show a miscarriage of justice, Petitioner must make a colorable showing of factual innocence, *Herrera v. Collins*, 506 U.S. 390, 404 (1993); *Coley v. Gonzales*, 55 F.3d 1385, 1387 (9th Cir. 1995), supporting his allegations of

constitutional error with new reliable evidence that was not presented at trial,

*Schlup v. Delo*, 513 U.S. 298, 324 (1995). For example, types of evidence "which

may establish factual innocence include credible declarations of guilt by another,

*see Sawyer v. Whitley*, 505 U.S. 333, (1992), trustworthy eyewitness accounts, *see*

*Schlup*, 513 U.S. at 331, and exculpatory scientific evidence." *Pitts v. Norris*, 85

F.3d 348, 350-51 (8th Cir. 1996).

Petitioner has set forth no adequate reason for failure to present this claim

as a federal claim to the Idaho Supreme Court. Rather, it appears that his appellate

counsel specifically chose to argue the claim under an abuse-of-discretion theory.

No other reason is apparent from a review of the record, and actual innocence has

neither been argued nor is apparent from the record. Therefore, the Court

concludes that no exception applies to excuse the procedural default of this claim.[5]

### REVIEW OF THE CLAIMS AND THE COURT'S DECISION
### FOR PURPOSES OF CERTIFICATE OF APPEALABILITY

In the event Petitioner files a notice of appeal from the Order and Judgment

in this case, the Court now evaluates the claims within the Petition for suitability

for issuance of a certificate of appealability (COA), which is required before a

habeas corpus appeal can proceed. 28 U.S.C. § 2253(c)(1)(A); *Miller-El v.*

---

[5] Because the Court has construed Petitioner's federal habeas corpus claim as a Sixth
Amendment claim, the Court declines to address Respondent's alternative argument that the
claim is noncognizable because it is based solely on state law grounds.

*Cockrell*, 537 U.S. 322, 336 (2003); Rule 11(a), Rules Governing Section 2254 Cases.

A COA will issue only when a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that, under this standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation and punctuation omitted).

When a court has dismissed a petition or claim on procedural grounds, in addition to showing that the petition "states a valid claim of the denial of a constitutional right," as explained above, the petitioner must also show that reasonable jurists would find debatable whether the court was correct in its procedural ruling. *Slack,* 529 U.S. at 484. When a court has dismissed the petition or claim on the merits, the petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484. The COA standard "requires an overview of the claims in the habeas petition and a general assessment of their merits," but a court need not determine that the petitioner would prevail on appeal. *Miller-El*, 537 U.S. at 336.

Here, the Court has dismissed one of Petitioner's claims on procedural grounds, and one on the merits. The Court finds that additional briefing on the COA is not necessary. Having reviewed the record again, the Court concludes that reasonable jurists would not find debatable the Court's decision on the procedural issues and the merits of the claims raised in the Petition and that the issues presented are not adequate to deserve encouragement to proceed further. As a result, the Court declines to grant a COA on any issue or claim in this action.

If he wishes to proceed to the United States Court of Appeals for the Ninth Circuit, Petitioner must file a notice of appeal in this Court, and simultaneously file a motion for COA in the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b), **within thirty (30) days after entry of this Order**.

## ORDER

**IT IS ORDERED:**

1.   Respondent's Motion for Summary Judgment (Dkt. 34) is GRANTED. Petitioner's Petition is DISMISSED with prejudice.

2.   The Court will not grant a Certificate of Appealability in this case. If Petitioner chooses to file a notice of appeal, the Clerk of Court is ordered to forward a copy of this Order, the record in this case, and

Petitioner's notice of appeal, to the United States Court of Appeals

for the Ninth Circuit.



DATED:  **March 22, 2012**.

_____
Honorable Larry M. Boyle
United States Magistrate Judge